22-3153
*United States v. Narzikulov*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16ᵗʰ day of May, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> GUIDO CALABRESI,
> MYRNA PÉREZ,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                 22-3153

SUKHROB KHAMROKULOV, SHERZOD MUKUMOV, JASUR KAMOLOV, FIRUZ JURAEV, MURODJON SULTANOV,

> *Defendants*,

AKMAL NARZIKULOV,

> *Defendant-Appellant*.

---

For Appellee:                          Anthony Bagnuola and Frank Turner Buford, Assistant
                                       United States Attorneys, *for* Breon Peace, United States

Attorney, Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant: Peter J. Guadagnino, Jr., Law Offices of Peter Guadagnino, New York, NY.

Appeal from a judgment of the United State District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Akmal Narzikulov appeals from a judgment entered on December 13, 2022 in the United States District Court for the Eastern District of New York (Cogan, *J.*) convicting him, following a jury trial, of eight counts: (1) conspiracy to unlawfully produce identification documents, in violation of 18 U.S.C. § 1028; (2) conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c); (3) kidnapping, in violation of 18 U.S.C. § 1201(a)(1); (4) conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a); (5) Hobbs Act extortion, in violation of 18 U.S.C. § 1951(a); (6) threatening physical violence in furtherance of an extortionate plan, in violation of 18 U.S.C. § 1951(a); (7) brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and (8) conspiracy to commit witness tampering, in violation of 18 U.S.C. § 1512(k).[1]   Narzikulov filed a post-trial motion for a judgment of acquittal and a new trial pursuant to Federal Rules of Criminal Procedure 29(c) and 33, respectively.[2]   ECF No. 268.   In a memorandum decision and order entered on August 24, 2021,

---

[1] On November 18, 2022, after trial but prior to Narzikulov's sentencing, the government moved to dismiss Count Seven of the Indictment, which charged Narzikulov with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).   ECF No. 389.   The district court granted the motion and sentenced Narzikulov on the remaining seven counts of conviction on December 12, 2022. *See* ECF Nos. 391, 409.

[2] Rule 29 provides that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal."   Fed. R. Crim. P. 29(c)(2).   Rule 33 provides that "[u]pon the defendant's motion, the

the district court denied Narzikulov's post-trial motion.   ECF No. 279.   The district court sentenced Narzikulov principally to twenty years in prison.   On appeal, Narzikulov principally contends that two government witnesses gave perjured testimony and that the government's proof was generally insufficient to sustain the jury's verdict, warranting either acquittal or a new trial.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

\*     \*     \*

This Court reviews challenges to the sufficiency of the evidence *de novo*.   *United States v. Capers*, 20 F.4th 105, 113 (2d Cir. 2021).   "[D]efendants face a heavy burden[] because our framework for evaluating such challenges is exceedingly deferential."   *United States v. Ho*, 984 F.3d 191, 199 (2d Cir. 2020) (quoting *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018)) (internal quotation marks omitted).   "This deferential standard 'is especially important when reviewing a conviction of conspiracy . . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel.'"   *United States v. Lombardozzi*, 491 F.3d 61, 67 (2d Cir. 2007) (quoting *United States v. Pitre,* 960 F.2d 1112, 1121 (2d Cir. 1992)).   We must uphold a jury verdict if, "credit[ing] every inference that could have been drawn in the government's favor" and "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."   *Capers*, 20 F.4th at 113 (quoting *Ho*, 984 F.3d at 199) (internal quotation marks omitted).   "We 'may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent

court may vacate any judgment and grant a new trial if the interest of justice so requires."   Fed. R. Crim. P. 33(a).

or so meager that no reasonable jury could find guilt beyond a reasonable doubt.'" *United States v. Raniere*, 55 F.4th 354, 364 (2d Cir. 2022) (quoting *Capers*, 20 F.4th at 113).

We review a district court's denial of a Rule 33 motion for a new trial for an abuse of discretion. *United States v. McCourty*, 562 F.3d 458, 475 (2d Cir. 2009) (internal citation omitted). "Because the courts generally must defer to the jury's resolution of conflicting evidence and assessment of witness credibility," *id,* "[i]t is accordingly only in exceptional circumstances, where there is 'a real concern that an innocent person may have been convicted,' that a court 'may intrude upon the jury function of credibility assessment' and grant a Rule 33 motion," *United States v. Landesman*, 17 F.4th 298, 330 (2d Cir. 2021) (quoting *McCourty*, 562 F.3d at 475–76). For the Court to grant a new trial based on trial perjury, the appellant must demonstrate that the witness committed perjury by "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory." *United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001). "Simple inaccuracies or inconsistencies in testimony do not rise to the level of perjury." *Id.* (citing *United States v. Sanchez*, 969 F.2d 1409, 1414–15 (2d Cir. 1992)). Even when perjured testimony is clearly identified, we are "reluctan[t] to . . . grant[] . . . a new trial unless we can say that the jury probably would have acquitted in the absence of the false testimony." *Sanchez*, 969 F.2d at 1413–14.

Here, Narzikulov principally argues that one or more witnesses perjured themselves at his trial, and that the district court abused its discretion in failing to afford him Rule 33 relief. We disagree. Narzikulov's argument centers on the allegedly inconsistent accounts of two cooperating witnesses, Firuz Juraev and Jasur Kamolov, regarding the events that led to Narzikulov's indictment on Count Six, for threatening physical violence in furtherance of an extortionate plan.

4

Juraev and Kamolov were in accord, however, on the essentials of this incident, which occurred in Narzikulov's white Toyota Camry in a Walgreens parking lot: namely, that Narzikulov angrily confronted Kamolov regarding his text to Firdavs Giyasov warning about the co-conspirators' plan to kidnap him; that Kamolov replied that he sent the text for Narzikulov's own good; that Narzikulov thereafter brandished a black pistol and threatened Kamolov; that Kamolov agreed with Narzikulov to pay money Narzikulov believed Giyasov to owe; and that Narzikulov and Kamolov thereafter calmed down, at which point Kamolov briefly held the gun to inspect it. Contrary to Narzikulov's claim, moreover, the inconsistent recollections of the two witnesses as to Juraev's presence in the front passenger seat provide no basis for Rule 33 relief. Indeed, Narzikulov failed to establish before the district court that this and other alleged inconsistencies reflected perjury, rather than "confusion, mistake, or faulty memory." *Monteleone*, 257 F.3d at 219. Nor did he establish that any such discrepancies seriously undercut the witnesses' account as to the key factual question whether Narzikulov threatened Kamolov with a gun in the Walgreens parking lot.

In such circumstances, resolving the discrepancies on which Narzikulov relied at trial turned on an assessment of witness credibility that was squarely within the province of the jury. Narzikulov repeatedly argued to the jury that the inconsistent testimony of the cooperators formed a basis for discrediting them as unreliable. During deliberations, the jurors requested to have Juraev's and Kamolov's testimony regarding "the Walgreens incident" read back to them, suggesting that they examined this specific topic. App'x 1720–22. This is not an "exceptional circumstance[]" that would warrant this Court's intrusion on the jury's assessment of witness credibility. *Landesman*, 17 F.4th at 330. Narzikulov has not shown that perjury occurred, and the district court did not abuse its discretion.

5

To the extent Narzikulov argues on appeal that the evidence was insufficient as a matter of law, we again disagree. As to Count Six, in addition to the testimony of Kamolov and Juraev, the government admitted into evidence paperwork associated with Narzikulov's procurement of the gun that the government asserted had been used to threaten Kamolov. It presented evidence that authorities located the gun—which matched descriptions provided by the witnesses—along with bags of ammunition, in Narzikulov's apartment. *Id.* An expert witness testified that DNA on the gun matched that of Narzikulov. "[C]redit[ing] every inference that could have been drawn in the government's favor" and "viewing the evidence in the light most favorable to the prosecution," *Capers*, 20 F.4th at 113 (quoting *Ho*, 984 F.3d at 199), a rational juror could have found the essential elements of the crime beyond a reasonable doubt.

Finally, the evidence was sufficient to sustain Narzikulov's convictions on the remaining counts. Narzikulov's arguments again largely hinge on supposedly inconsistent testimony and the credibility of witnesses. As with regard to Count Six, defense counsel raised these arguments for the jury's consideration. We lack a valid basis on which to intrude on the jury's judgment where, as here, the evidence was neither "nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Id.*

\* \* \*

We have considered Narzikulov's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6